**Opinion issued December 20, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-01038-CV

———————————

## CHELSEA OAKS, INC., Appellant

## V.

## CATHERINE A. SWEENEY, Appellee

On Appeal from County Civil Court at Law No. 1
Harris County, Texas
Trial Court Case No. 990728

## MEMORANDUM OPINION

Chelsea Oaks, Inc. ("Chelsea") was granted a default judgment against Catherine A. Sweeney ("Sweeney") in a breach-of-contract case for unpaid legal services and expenses. In two issues on appeal, Chelsea contends that the trial

court erred by awarding them pre- and post-judgment interest at the rate of five percent per annum rather that at the contract rate of eighteen percent per annum. We reverse and render.

## Background[1]

Sweeney retained The Mendel Law Firm, LP (the "Firm") which performed legal services and invoiced Sweeney per their contract. Sweeney never paid the invoices. The Firm subsequently assigned its rights under the contract to Chelsea, who sued Sweeney for breach of contract and attorney's fees.

After perfecting service on Sweeney, Chelsea filed a motion for default judgment seeking, inter alia, pre- and post-judgment interest at the rate stipulated in the contract—eighteen percent per annum. The trial court granted Chelsea's motion for default judgment, but instead of awarding Chelsea pre- and post-judgment interest at the contracted rate of eighteen percent per annum, the trial court set the rate at five percent per annum. Chelsea appealed.

## Discussion

In a breach-of-contract case, the pre-judgment interest rate is the same as the post-judgment interest rate. *See Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 532 (Tex. 1998). Post-judgment interest—and

---

[1] Because Sweeney has not filed a brief in this appeal, we accept as true the facts stated in Chelsea's statement of facts. *See* TEX. R. APP. P. 38.1(g) ("In a civil case, the court will accept as true the facts stated unless another party contradicts them.")

therefore pre-judgment interest—in a contract case where the contract provides for interest is the lesser of the interest rate specified in the contract or eighteen percent a year. *See* TEX. FIN. CODE ANN. § 304.002 (West 2006). If the contract does not provide for a rate of interest, then the pre- and post-judgment interest rate is calculated based on the statutory rate provided in the Finance Code. *See* TEX. FIN. CODE ANN. § 304.003 (West 2006) (providing judgment interest rate when interest rate or time price differential is not in contract); *see also ExxonMobil Corp. v. Valence Operating Co.*, 174 S.W.3d 303, 319 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (holding pre-judgment interest rate in breach-of-contract case is determined by section 304.003 if contract does not specify rate of interest).

The contract at issue states, in pertinent part, that invoices "accrue interest at the rate of 1.5% per month if not paid within thirty (30) days from the date of invoice." An interest rate of one and a half percent per month equates to eighteen percent per annum. As such, the applicable pre- and post-judgment interest rate is eighteen percent per annum—as specified in the contract. *See* TEX. FIN. CODE ANN. § 304.002; *Johnson & Higgins*, 962 S.W.2d at 532. The trial court had no discretion to deviate from the interest rate proscribed by the Finance Code, and as such, the trial court erred by awarding Chelsea pre- and post-judgment interest at the rate of five percent per annum rather that at the contract rate of eighteen percent per annum, as required under section 304.002 of the Finance Code.

We sustain Chelsea's first and second issues.

## Conclusion

We reverse the portions of the trial court's judgment awarding Chelsea pre- and post-judgment interest at the rate of five percent per annum and render judgment awarding Chelsea pre- and post-judgment interest at the rate of eighteen percent per annum.


Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.